## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

CARLOS T. LEWIS                          CIVIL ACTION NO. 22-0699

                                         SECTION P

VS.

                                         JUDGE TERRY A. DOUGHTY

JERRY GOODWIN                            MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Petitioner Carlos T. Lewis, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 10, 2022. [doc. # 1, pp. 15, 23]. Petitioner attacks his conviction for attempted distribution of cocaine, as well as the life sentence that the Third Judicial District Court, Union Parish, imposed after finding that he was a habitual offender.[1] For the following reasons, the Court should deny this Petition as untimely.

### Background

On February 28, 2006, a jury found Petitioner guilty of attempted distribution of cocaine. [doc. # 1, p. 1]. "Thereafter, the State charged [Petitioner] as a habitual offender." *State v. Lewis*, 43,402, 990 So. 2d 109, 113 (La. App. 2 Cir. 8/13/08). Finding that Petitioner was a third-felony offender, the trial court sentenced Petitioner to "to serve the remainder of his life in prison at hard labor without the benefit of parole." *Id.*

Petitioner appealed, and on August 13, 2008, the Court of Appeal of Louisiana, Second Circuit, affirmed his conviction and sentence. *Id.* at 119. On May 1, 2009, the Supreme Court of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Louisiana denied Petitioner's application for writ of certiorari and/or review. *State v. Lewis*, 2008-2199, 6 So. 3d 811 (La. 5/1/09). Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 3].

On March 9, 2010, Petitioner filed an application for post-conviction relief before the trial court. [doc. # 1, p. 3]. On March 10, 2021, the trial court denied Petitioner's application. [doc. #s 1, pp. 4, 14; 1-5, p. 17]. On September 9, 2021, the Second Circuit Court of Appeal denied Petitioner's application for review of the trial court's March 10, 2021 ruling. [doc. # 1-8]. Petitioner filed an application for rehearing before the Second Circuit Court of Appeal on September 22, 2021. [doc. # 1, p. 14]. On October 20, 2021, the Second Circuit declined to consider Petitioner's application for rehearing, reasoning that "U.R.C.A. 2-18.7 does not allow consideration of an application for rehearing where the original writ application was denied." [doc. # 1-9].

Petitioner filed an application for writ of certiorari before the Supreme Court of Louisiana on October 29, 2021. [doc. # 1, p. 14]. The application was pending when Petitioner filed this proceeding on March 10, 2022. On April 20, 2022, the Supreme Court of Louisiana denied Petitioner's application. *State v. Lewis*, 2021-01770, 2022 WL 1164726 (La. 4/20/22).

## Law and Analysis

Title 28, United States Code, Section 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final. Petitioner does not mention subsection "B."[2] Out of caution, though, the undersigned will examine subsection "B."

On approximately January 26, 2022, Petitioner filed a "Motion for Extension of Time to File his Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2254" before this Court. *Carlos Lewis v. Burl Cain*, 5:22-mc-0010 (W.D. La. 2022). He wrote:

The movant's A.E.D.P.A. deadline is rapidly approaching.

The movant avers that, because of the rapid spread of Omicron the entire prison has been on complete lockdown, since around Tuesday, January 12, where all non-essential movement has stopped, including access of the law library.

The movant, currently, has no other choice but to represent himself, pro se, in necessity. The movant has no training in the law and needs assistance of Inmate Counsels, to research and perfect his petition.

---

[2] *See Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

*Id.*  Petitioner is, manifestly, referring to the spread of one variant (the Omicron variant) of a

virus, Covid-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html

(last visited April 27, 2022).

On January 31, 2022, the Clerk of Court returned Petitioner's filing to him because he did

"not indicate in which case [the motion] is to be filed and [did] not include a case number."  *Id.*

at Doc. 1-1.  The Clerk of Court was "unable to determine the case number" from records.[3]  *Id.*

In addition, Petitioner writes cursorily in the instant Petition that "due to an outbreak of

the Omicron variant the entire prison was put on quarantine around Jan. 12 until around Jan. 28-

29 . . . ."  [doc. # 1, p. 14].

The requirements for the "statutory time-bar reset provision of § 2244(d)(1)(B) . . . are

understandably steep."  *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010).  To invoke

the "reset," a petitioner "must show that: (1) he was prevented from filing a petition (2) by State

action (3) in violation of the Constitution or federal law."  *Id.*

Here, Petitioner does not allege that he "was prevented from filing a petition."  Rather, he

states only that he could not "research and perfect his petition."[4]  Petitioner does not specify the

legal materials he lacked, who was responsible for the impediment, or the extent he was impeded

(if at all).  In fact, Petitioner states that the alleged impediment (or hindrance) ended on January

---

[3] Below, the undersigned discusses whether Petitioner's motion constituted a petition under Section 2254.

[4] *See Cardona v. Davis*, 770 F. App'x 179, 184 (5th Cir. 2019) (examining 2244(d)(1)(B) and concluding, "We find no error in the district court's finding that Cardona's thin account of what was deficient . . . do[es] not establish official impediments to his access to the courts for these 23 months."); *Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000) (finding, where the petitioner argued "that his alleged lack of access to legal materials . . . extend[ed] the tolling period under 28 U.S.C. § 2244(d)(1)(B)[,]" that the petitioner did not show that "the State imposed an unconstitutional impediment to the filing of his federal habeas petition . . . .").

29, 2022, which as explained below was before the March 1, 2022 deadline for filing here.[5]
Thus, the quarantine or "lockdown" did not prevent him from filing here between January 29, 2022, and March 1, 2022.  Also, Petitioner was able to file the aforementioned motion for extension of time on January 26, 2022, while he was quarantined or on "lockdown," which undermines any contention that quarantine or lockdown prevented him from filing here.[6]

Moreover, Petitioner does not allege that any state actor violated constitutional or federal law by quarantining him, placing him on "lockdown," halting "all non-essential movement," denying him access to the law library, and preventing him from accessing inmate counsel in order to prevent the spread of a virus variant.  *Wickware v. Thaler*, 404 F. App'x 856, 862-63 (5th Cir. 2010) (declining to "restart the AEDPA clock" under 2244(d)(1)(B) because the petitioner cited "no authority for the proposition that" a state actor's action or omission constituted a federal constitutional violation).  In fact, failing to take measures to control the spread of Covid-19 in a prison could, under certain conditions, potentially amount to a violation

---

[5] *See Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013) ("Clarke has not shown that [the alleged impediment] played any role in his failure to timely file since [the alleged impediment was removed] before § 2244(d)(1)(A)'s one-year limitations period expired.").

[6] To the extent Petitioner suggests that without inmate counsel or a law library he could file a motion for extension of time but could not file a habeas corpus petition, he could have filed a skeletal petition, incorporating any of the same claims he was required to exhaust in the state courts.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) ("Lookingbill claims that the lack of federal habeas counsel prevented him from filing a federal habeas petition. As the district court pointed out, however, Lookingbill was quite aware of the limitations period and could have filed a *pro se* skeletal petition . . . ."); *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir. 2007) ("Notwithstanding the computer failure, counsel offers no explanation as to why a handwritten skeletal petition could not have been filed on the due date, to be supplemented later."); *Nelson v. Quarterman*, 215 F. App'x 396, 399 (5th Cir. 2007) ("The district court was correct to conclude that Nelson knew about the impending deadline and could have filed a pro se skeletal petition before the limitations period expired."); *Hill v. Johnson*, 210 F.3d 481, 484 (5th Cir. 2000) ("The filing of the skeletal petition had stayed the statute of limitations[.]").

of federal law or an inmate's constitutional rights.  *See generally Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021).

Further, to the extent Petitioner feared that he had not yet exhausted all of his claims at the time he was in quarantine, he does not maintain that the lack of access to the law library or inmate counsel prevented him from filing a protective petition and moving to stay the one-year limitations period.  In *Madden v. Thaler*, 521 F. App'x 316, 321 (5th Cir. 2013), a petitioner contended that the state's failure to issue a mandate prevented him from filing a timely federal petition.  *Id.*  The Fifth Circuit opined that the petitioner "could have filed a protective federal habeas petition with a motion to stay, considering he was "[a]ware that the limitations period was running, and that he could not file a state application due to the absence of a new mandate[.]"  *Id.*  The court added, "Madden's eventual filing of a protective federal petition and motion to stay—the latter of which cited both *Pace* and *Rhines*—suggests that he was aware of this prophylactic option."  *Id.*

Here, as in *Madden*, Petitioner did not file a protective petition.  At least as early as January 26, 2022, he was aware that the one-year federal filing deadline was "rapidly approaching."  *Lewis*, 5:22-mc-0010 at Doc. 1.  However, he filed a motion for extension of time, which as explained below did not qualify as a habeas corpus petition.  *Id.*  Moreover, Petitioner filed a "Motion to Stay Proceedings and Hold Claims in Abeyance Until State Remedies are Exhausted"—citing both *Pace* and *Rhines*—the same day he filed the instant petition.  [doc. # 3].  As in *Madden*, Petitioner's "eventual filing of a protective federal petition

and motion to stay . . . suggests that he was aware of this prophylactic option."  Accordingly, 2244(d)(1)(B) does not apply.[7]

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).

On May 1, 2009, the Supreme Court of Louisiana denied Petitioner's application for writ of certiorari and/or review.  *State v. Lewis*, 2008-2199, 6 So. 3d 811 (La. 5/1/09).  Under United States Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."  Here, Petitioner did not apply for certiorari before the United States Supreme Court.  [doc. # 1, p. 3].  Thus, the trial court's judgment became final on July 30, 2009, ninety days after the Supreme Court of Louisiana denied Petitioner's application.

Because Petitioner's conviction became final on July 30, 2009, he had one year, or until July 30, 2010, to file a federal habeas corpus petition.

As above, on approximately January 26, 2022, Petitioner filed a motion for extension of time in which to file his federal habeas corpus petition.  *Lewis*, 5:22-mc-0010.  He wrote that his federal filing deadline was rapidly approaching and that because he was in quarantine due to Covid-19, he lacked access to the law library and inmate counsel.  *Id.*  The Court may not,

---

[7] Below, the undersigned will examine whether Petitioner's circumstances warrant equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (suggesting that equitable tolling and Section 2244(d)(1)(B), (C), and (D), are in parity (i.e. "on par")); *see also Clarke v. Rader*, 721 F.3d 339, 343 (5th Cir. 2013) ("We have serious reservations about whether the State's failure to notify Clarke of the January 29, 2010 denial provides a basis for a [Section 2244(d)(1)(B)] claim rather than merely an equitable tolling claim.").

however, *extend* the Congressionally-created statute of limitation at a litigant's request.  Rather, as explained below, the Court may only *toll*[8]—statutorily or equitably—the statute of limitations.

More importantly, Petitioner's motion did not constitute an application for a writ of habeas corpus.  He did not present a "case or controversy" under Article III of the United States Constitution.  "It is, however, elementary that, as a predicate to any action before a federal court, parties must establish that they have proper standing to raise a claim.  In the absence of a party with sufficient interest, the constitutional limitation of federal court jurisdiction to 'cases or controversies' would prevent a federal court from considering the matter.  Standing, therefore, is literally a threshold question for entry into a federal court, limiting the exercise of its jurisdiction, and the court must consider the standing of any party even if the issue has not been raised by the parties to the action."  *United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986) (internal footnotes removed).

Petitioner's motion did not present claims or assignments of error, and he did not seek habeas corpus relief.  See RULE 2 OF THE RULES GOVERNING SECTION 2254 CASES (mandating that a petitioner must specify grounds for relief, state the facts supporting each ground, and, inter alia, state the relief requested); 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall . . . allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."); *see also Fierro v. Cockrell*, 294 F.3d 674, 681 (5th Cir. 2002) (agreeing that a motion for authorization to file a second or successive petition is a "prelude to a collateral attack . . . but is not itself a collateral attack.").

---

[8] *See* BLACK'S LAW DICTIONARY (11th ed. 2019) (defining toll: "to stop the running of; to abate.").

In his motion, Petitioner essentially asked the Court for an advisory opinion concerning whether the statutory period of limitation would bar a petition that he may (or may not) file or whether the Court would equitably toll the period of limitation on a petition yet to be filed. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (concluding that a district court's order tolling the statute of limitations was premature because it affected persons who had not filed claims); *Wawak v. Johnson*, 2001 WL 194974, at *1 (N.D. Tex. Feb. 22, 2001), report and recommendation adopted, 2001 WL 290526 (N.D. Tex. Mar. 21, 2001).

"[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (*quoting North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "Federal courts may not give opinions upon moot questions or abstract propositions." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003) (internal quotation marks and quoted source omitted).

Here, because Petitioner's motion was not a petition and did not present a case or controversy, it did not toll the one-year period of limitation. *See Miller v. Quarterman*, 2007 WL 2890270, at *2 (N.D. Tex. Sept. 27, 2007) ("Insofar as Petitioner requests an extension of the one-year statute of limitations . . . his motion fails to present a case or controversy. . . . There is no statutory or case authority that allows a federal district court to issue a premature order staying the one-year limitations period before a § 2254 petition is filed"); *U.S. v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) ("[W]e hold—as every other court to consider the question thus far has

held—that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed."); *Bryan v. Dretke*, 2006 WL 1004268, at *1 (N.D. Tex. Apr. 14, 2006).

Petitioner did not file an actual petition (i.e., the instant petition) until, at the earliest, March 10, 2022.  [doc. # 1, pp. 15, 23].  Thus, the one-year limitation period bars Petitioner's claims unless he extended the July 30, 2010 deadline through statutory or equitable tolling.

## I. <u>Statutory Tolling</u>

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ."  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only for as long as the state application remains pending.  *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner applied for post-conviction relief on March 9, 2010.  [doc. # 1, p. 3]. Thus, 222 days elapsed from when Petitioner's conviction became final on July 30, 2009, to when Petitioner filed his application for post-conviction relief before the state trial court on March 9, 2010.

On March 10, 2021, the trial court denied the remaining claims in Petitioner's application.  [doc. #s 1, pp. 4, 14; 1-5, p. 17].  On September 9, 2021, the Second Circuit Court of Appeal denied Petitioner's application for review of the trial court's March 10, 2021 ruling. [doc. # 1-8].  Under LA. SUP. CT. R. 10, Section 5(a), Petitioner then had thirty days, or until October 9, 2021, to file an application for a supervisory writ to the Louisiana Supreme Court. Petitioner did not file an application before the Louisiana Supreme Court until October 29, 2021.

[doc. # 1, p. 14].  Thus, tolling ended on October 9, 2021, when the time for filing before the Louisiana Supreme Court expired and when Petitioner's application for post-conviction relief was no longer pending.  *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 769-71 (5th Cir. 2004) ("[A] state application ceases to be pending when the time for appellate review expires.").  His application was, in other words, no longer "in continuance."  *See Carey v. Saffold*, 536 U.S. 214, 220 (2002).

As above, 222 days elapsed untolled from when Petitioner's conviction became final on July 30, 2009, to when Petitioner filed his application for post-conviction relief before the state trial court on March 9, 2010.  When tolling ended on October 9, 2021, Petitioner had 143 days remaining (365-222), or until <u>March 1, 2022</u>, to file a petition here before the 1-year limitations period expired.  Petitioner, however, filed the instant petition on March 10, 2022.  Accordingly, the instant petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.[9]

Of note, Petitioner filed an application for rehearing before the Second Circuit Court of Appeal on September 22, 2021.  [doc. # 1, p. 14].  On October 20, 2021, the Second Circuit declined to consider Petitioner's application for rehearing, reasoning that "U.R.C.A. 2-18.7 does not allow consideration of an application for rehearing where the original writ application was denied."  [doc. # 1-9].

Petitioner's application for rehearing did not extend the extend his deadline for filing an application for post-conviction review before the Louisiana Supreme Court because state law did not authorize his application for rehearing.  Under LA. SUP. CT. R. 10, Section 5(a) (emphasis added), "if a timely application for rehearing has been filed in the court of appeal *in those*

---

[9] Petitioner does not allege or suggest that he filed any other post-conviction proceedings.

*instances where a rehearing is allowed*, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing." Here, however, rehearing was not "allowed." Under LA. UNIF. R. CT. APP. 2-18.7: "An application for rehearing will be considered in cases where the court has: (A) Granted a writ application on the merits; (B) Dismissed an appeal; or (C) Ruled on the merits of an appeal." The Second Circuit Court of Appeal did not grant Petitioner's application on the merits, dismiss his appeal (because it was not an appeal),[10] or rule on the merits of an appeal (again, because it was not an appeal). *See State v. Crandell*, 2005-1060, 924 So. 2d 122, 124 (La. 3/10/06) ("The Rules do not provide for a rehearing from a denial of an application for supervisory writs. Consequently, the thirty-day period for taking writs to this court provided by Supreme Court Rule X, § 5(a) was not extended by defendant's application for rehearing in the court of appeal because it was not an instance where a rehearing was allowed.") (internal citations omitted).[11]

Also of note, Petitioner's untimely application for writ of certiorari before the Louisiana Supreme Court did not toll the one-year federal statute of limitations. Petitioner filed his application on October 29, 2021, after his October 9, 2021 deadline for filing there. [doc. # 1, p.

---

[10] *See Williams v. Cain*, 217 F.3d 303, 304 (5th Cir. 2000) ("Under Louisiana law, Williams could not appeal from the trial court's denial of his application for post-conviction relief. Louisiana law requires an unsuccessful applicant to seek review through an application for a supervisory writ.").

[11] *See Gaudet v. Cain*, 31 F. App'x 835 (5th Cir. 2002) ("Gaudet's application for rehearing did not toll the AEDPA limitations period."); *Y.F.B. v. R.D.R.*, 2001-0345, 787 So. 2d 276 (La. 4/12/01) ("Although relator's application in this court was filed within thirty days from the court of appeal's denial of rehearing, Supreme Court Rule X, § 5(a) extends the thirty day period for taking writs to this court only 'in those instances where a rehearing is allowed' in the court of appeal."); *Declouet v. Myers*, 2021 WL 6881284, at *4 (E.D. La. Nov. 29, 2021), *report and recommendation adopted,* 2022 WL 407255 (E.D. La. Feb. 10, 2022) ("[T]he filing of that application for rehearing did <u>not</u> extend petitioner's deadline for seeking review by the Louisiana Supreme Court."); *Fontenelle v. Narcisse*, 2021 WL 5418125, at *7 (E.D. La. Sept. 28, 2021), *report and recommendation adopted,* 2021 WL 5415844 (E.D. La. Nov. 19, 2021).

14].  In *Williams v. Cain*, 217 F.3d 303, 310 (5th Cir. 2000), the petitioner "failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ with that court within thirty days after the intermediate state appellate court denied his application for a supervisory writ . . . ."  "Rule X, § 5(a) expressly prohibits any extension of the thirty-day period."  *Id.*  The court found that once the petitioner "failed to comply with Louisiana Supreme Court Rule X, § 5(a), 'further appellate review [was] unavailable under [Louisiana's] procedures[,]" and his "application for post-conviction relief . . . ceased to be pending . . . ."[12]

Finally, that the Supreme Court of Louisiana simply wrote, "writ application denied[,]" and did not expressly find Petitioner's application untimely, does not alter the calculus above.  *See Lewis*, 2022 WL at 1164726.  In *Williams*, 217 F.3d at 304, the Louisiana Supreme Court rejected the petitioner's "application with one word: 'DENIED.'"  "The [Louisiana Supreme Court] did not state whether it was rejecting the application as untimely filed or whether it had considered the application and rejected it on a substantive ground."  *Id.*  However, the Fifth Circuit still found that the petitioner's "application seeking post-conviction relief . . . ceased to be 'pending' within the meaning of section 2244(d)(2) when he failed timely to file an application for a supervisory writ with the Louisiana Supreme Court."  *Id.* at 307.  The court reasoned: "Rule X, § 5(a) expressly prohibits any extension of the thirty-day period. . . . [N]o evidence suggested that the Louisiana Supreme Court considered [the petitioner's] untimely

---

[12] *See Declouet*, 2021 WL at *5 ("[I]t is abundantly clear that a federal habeas petitioner receives no tolling credit whatsoever for an untimely Louisiana Supreme Court writ application."); *Fontenelle*, 2021 WL at *7 ("Fontenelle's untimely writ application to the Louisiana Supreme Court also did not toll the limitations period . . . ."); *Slaydon v. Cain*, 2015 WL 2169784, at *3 (E.D. La. May 8, 2015) (holding that the petitioner's "untimely application to the [Louisiana] Supreme Court . . . did not toll the limitations period because it was filed outside the thirty-day period allowed under Rule X, § 5(a) of the Supreme Court Rules.").

application for a supervisory writ on the merits." *Id.* at 310.[13]

## II. <u>Equitable Tolling</u>

The one-year statute of limitations can, in rare and exceptional circumstances, be

equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However,

"[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant

about the cause of action or is prevented in some extraordinary way from asserting his rights."

*U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute

of limitations must result from external factors beyond his control; delays of the petitioner's own

making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005)).

Here, Petitioner states that for approximately 18 days (January 12, 2022, to January 29,

2022), he was in quarantine and unable to access the law library or meet with inmate counsel.

He states that he lacks "training in the law" and required assistance from inmate counsel to

"research and perfect his petition."

Petitioner does not present rare and exceptional circumstances: he does not allege that

any individual or entity actively misled him about a cause of action, and his lack of access to the

---

[13] *See Butler v. Cain*, 533 F.3d 314, 319 (5th Cir. 2008) (concluding, where the Louisiana Supreme Court's order contained only the word, "denied," that: (1) the absence of specific language from the Louisiana Supreme Court that an application was untimely does not necessarily mean that "the merits were reached"; (2) the court was "not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a)"; and (3) the court found the application untimely).

law library or inmate counsel did not prevent him, "in some extraordinary way," from filing a federal petition for habeas corpus.

"A petitioner must [] show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As above, Petitioner does not allege that he "was prevented from filing a petition." Rather, he states only that he could not "research and perfect his petition." He does not specify why he required access to the law library or inmate counsel to file the instant petition. *See Krause*, 637 F.3d at 561 (declining to equitably toll the limitations period where the petitioner did "not at any point allege facts as to why the . . . lack of legal materials prevented him from filing a timely habeas application."); *Walck v. Johnson*, 213 F.3d 638 (5th Cir. 2000) (finding that the petitioner did not present rare and exceptional circumstances because, *inter alia,* the petitioner did "not state why he needed his [legal] materials to file his federal habeas" and did "not indicate that he was restrained or prevented from filing within the limitations period.").

Petitioner states that quarantine ended on January 29, 2022, which was before the one-year limitations period expired on March 1, 2022. In other words, the quarantine did not prevent him from filing here between January 29, 2022, and March 1, 2022. Also, Petitioner was able to file his motion for extension of time on January 26, 2022, while he was quarantined, which undermines any contention that quarantine prevented him from filing here.[14]

Petitioner's professed lack of training in the law does not amount to rare and exceptional

---

[14] To the extent Petitioner suggests he could file a motion for extension of time without inmate counsel or a law library but he could not file a habeas corpus petition, he could have filed a skeletal petition, incorporating any of the same claims he was required to exhaust in the state courts. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002); *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir. 2007); *Nelson v. Quarterman*, 215 F. App'x 396, 399 (5th Cir. 2007); *Hill v. Johnson*, 210 F.3d 481, 484 (5th Cir. 2000).

circumstances. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that "ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling."); *Felder*, 204 F.3d at 173 (ignorance of the law is insufficient); *Madden*, 521 F. App'x at 323 ("While Madden may have been confused about when the limitations period commenced, neither his *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling."); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (holding that "neither a [petitioner's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Even assuming Petitioner presented extraordinary circumstances, he did not diligently pursue his rights: he waited 222 days (over 7 months), after his conviction became final, to file his application for post-conviction relief before the trial court.[15] *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (ruling that a petitioner who waited almost seven months to seek state habeas relief after his state conviction became final was not diligent); *Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (holding that the petitioner did not diligently pursue his rights because he "did not seek post-conviction relief until 11 months after his conviction had become final" and offered "no explanation for his delay other than his conclusional allegation that he is a pro se litigant with limited resources."); *North v. Davis*, 800 F. App'x 211, 214-15 (5th Cir.), *cert. denied,* 140 S. Ct. 2767 (2020) ("North's eleven-month delay in filing his initial state application weighs against a finding of diligence.").

---

[15] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

Moreover, Petitioner does not contend that his lack of access to the law library or inmate counsel impacted his ability to file a federal petition from when tolling ended on October 9, 2021, to when quarantine began on January 12, 2022.  Yet he did not file a federal petition during that time period.

Similarly, Petitioner does not contend that his lack of access to the library or inmate counsel impacted his ability to file a federal petition after his quarantine ended on January 29, 2022, and before the March 1, 2022 deadline to file here.[16]  *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) ("What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall.").  He filed a motion for extension of the federal deadline on approximately January 26, 2022, informing the court that his federal deadline was "rapidly approaching."  *Lewis*, 5:22-mc-0010.  Thus, he knew (or at least suspected) that (1) the untimely application for a writ of certiorari that he filed in the Louisiana Supreme Court on October 29, 2021—which was pending as of the date he filed the instant petition—did not toll the federal statute of limitations and (2) that he needed to file his federal petition.

Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

---

[16] *See Smith v. Vannoy*, 848 F. App'x 624, 629 (5th Cir. 2021) (finding that a petitioner was not diligent where his "time in lockdown and without access to his legal materials comprise[d] a very small portion of the time he was permitted to pursue his rights."); *Williams v. Hooper*, 2022 WL 1223993 (5th Cir. 2022) (holding that a 16-day impediment to filing a federal petition did not warrant equitable tolling because the petitioner had approximately twelve days in which to file his federal petition after the impediment was gone); *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999) (finding that a 17-day period in which a petitioner could not pursue his legal rights because he was in a psychiatric ward did not warrant equitable tolling because (1) the time during which he could not work on his federal petition was not "a significant length of time" and (2) the petitioner "still had over six months to complete his federal habeas petition after his return to his usual quarters.").

## III. <u>Actual Innocence</u>

The fundamental miscarriage of justice exception provides that, "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (*quoting McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (*quoting Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (*quoting Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (*quoting House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (*quoting Schlup*, 513 U.S. at 316).

Here, Petitioner does not claim actual innocence.  Nor does he present any evidence—much less newly-discovered evidence--of actual innocence.  Petitioner does not establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  Accordingly, his claims remain barred by the statute of limitations.

## IV. **Motion to Stay**

On March 10, 2022, Petitioner filed a "Motion to Stay Proceedings and Hold Claims in Abeyance Until State Remedies are Exhausted."  [doc. # 3].  He asks the Court to "stay all proceedings related to his Petition for a Writ of Habeas Corpus and hold his claims in abeyance until he has exhausted available state remedies." *Id.* at 1.  When he filed the instant petition and motion, his application for writ of certiorari before the Supreme Court of Louisiana was pending.  Thus, he seeks a stay here while he attempts (or attempted)[17] to exhaust all of his claims in the state courts.

A "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 125 S. Ct. 1528 (2005).  "A district court should grant a stay if it determines that the prisoner has shown good cause warranting a stay, that the prisoner has raised meritorious issues, and that the prisoner has not engaged in intentionally dilatory tactics." *Leachman v. Davis*, 699 F. App'x 441, 442 (5th Cir. 2017) (*citing Rhines*, 544 U.S. at 278).

Here, Petitioner's motion is futile because the one-year period of limitations passed before he filed the instant petition.  As one district court explained, "the point of *Rhines* is to protect a petitioner from the statute of limitations when he has filed a timely-but-mixed petition. . . . *Rhines* does not allow a petitioner to revive a time-barred claim." *King v. Frauenheim*, 2016

---

[17] To reiterate, Petitioner's application before the Louisiana Supreme Court is no longer pending.

WL 687867, at *6 (N.D. Cal. Feb. 19, 2016); *see Hamilton v. Warden, Chillicothe Corr. Inst.*, 2013 WL 3050683, at *6 (S.D. Ohio June 17, 2013), *report and recommendation adopted,* 2013 WL 3467142 (S.D. Ohio July 10, 2013) ("[G]iven that it appears that the one-year limitations period had already run its course by the time the instant habeas action was filed, this case does not fall within the category of cases, involving timely-filed petitions containing unexhausted claims, for which the 'stay-and-abeyance' procedure was adopted.").

In other words, even if this Court granted a stay and held Petitioner's claims in abeyance until he exhausted his claims in the state courts and then returned to this Court, his petition would still be untimely.[18]  Accordingly, the Court should deny the motion.

### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner Carlos T. Lewis's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**IT IS FURTHER RECOMMENDED** that Petitioner's "Motion to Stay Proceedings and Hold Claims in Abeyance Until State Remedies are Exhausted," [doc. # 3], be **DENIED**.

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondent to answer.**

---

[18] *See McGriggs v. King*, 2009 WL 866771, at *4 (S.D. Miss. Mar. 30, 2009) ("[A] stay and abeyance would be futile because, as discussed *supra,* the time for filing a petition for writ of certiorari has passed."); *Escobar v. California Corr. Dep't*, 2019 WL 450674, at *3 (C.D. Cal. Feb. 5, 2019) ("A petitioner is not entitled to a <u>Rhines</u> stay if he filed his federal petition after the AEDPA statute of limitations had already expired.").

**Petitioner may raise any arguments, or present any evidence, against dismissal during the fourteen-day objection period described below.[19]**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days**

---

[19] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

21

from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 6th day of May, 2022.


_____
Kayla Dye McClusky
United States Magistrate Judge